## S. RAUH & CO. v. GUINZBURG.

(Circuit Court, S. D. New York. May 26, 1899.)

1. PATENTS—INFRINGEMENT—BATHING SHOE AND STOCKING.

A claim covering a combined bathing shoe and stocking with the sole formed of cork coated with rubber cement, and having an outer lining of cotton or other fabric, is not infringed by a similar stocking and shoe, with a sole made of linoleum and an outer lining of canvas.

2. SAME.

The Rauh patent, No. 347,442, for a combined bathing shoe and stocking made of stockinet, and having a sole of cork, to both surfaces of which a coating of rubber cement was applied, construed, in view of the prior state of the art, as limited to the particular construction shown, and *held* not infringed.

This was a suit in equity by S. Rauh & Co., a corporation, against Edwin A. Guinzburg, for alleged infringement of a patent for a combined bathing shoe and stocking.

Allan D. Kenyon, for complainant.

James A. Hudson, for defendant.

SHIPMAN, Circuit Judge. Letters patent No. 347,442 were issued on August 17, 1886, to Samuel Rauh, for a combined bathing shoe and stocking made of stockinet or Jersey cloth, having a sole constructed of cork, to both surfaces of which a coating of rubber cement was applied. An outer lining of cotton or other fabric is then applied to each surface of the sole, which is held smoothly upon the sole by the cement. The claim is as follows:

"As an improved article of manufacture, a combined shoe and stocking constructed of stockinet, and consisting of the pieces, A, b, b, the sole of the shoe being formed of cork coated with rubber cement, and having an outer lining of suitable fabric, substantially as set forth."

Fig. 2.

Combined bathing shoes and stockings of stockinet, with a rubber or oilcloth sole, a combined bathing shoe and stocking with a cork sole, a bathing shoe with a cork sole, and a cork sole coated with rubber cement, were old at the date of the invention, but the combination described in the claim was new and patentable. The invention must, however, be regarded, in view of the pre-existing state of the art, to be simply an improvement upon a combined shoe and stocking with a cork sole, and the patent cannot take in a large variety of equivalents or substitutes for the cork sole and its rubber cement. The defendant manufactures a combined bathing shoe and stocking made of stockinet, with a sole made of linoleum, and an outer lining of canvas. Linoleum is "a preparation of linseed oil and ground cork intimately mixed and spread in a uniform layer over a sheet of rough jute canvas," and is often used for floor cloth. The question in the case is whether, under this patent, a linoleum sole is an infringement of the cork sole treated with rubber cement. The patentee took the old cork sole and improved it, made it flexible by cement, and protected it from rough use by a covering of coarse cloth, but he cannot justly claim as an infringement the use of a material which is not cork and cement, but is a different thing, made of ground cork and linseed oil mixed together and spread over canvas, although it makes a flexible sole. The invention described and claimed in the patent was a narrow improvement upon the old stocking and shoe with a cork sole, and the floor cloth which the defendant uses is too far away from the cork and rubber cement to be an infringement. The bill is dismissed, with costs.